WILLIAM WALTERS, PLAINTIFF-RESPONDENT, v. MAX GOREN, ROSS MATHEWS AND JOHN PELLIKAN, DEFENDANTS-APPELLANTS.

Submitted October 12, 1934—Decided February 4, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the appellants, *Reynier J. Wortendyke, Jr.*

For the respondent, *Richard Doherty.*

The opinion of the court was delivered by

PARKER, J. The plaintiff, as the jury were entitled to find, sustained physical injuries as the result of the defective condition of an iron cellar door in the sidewalk fronting premises owned by the defendants, apparently as tenants in common. He recovered judgment below against the defendants, who have appealed.

The only grounds of appeal are, first, that the trial court refused to nonsuit, and secondly, that the court refused to direct a verdict for the defendants. The proposition argued is the same in respect to both points, viz., that there was nothing in the evidence to justify the jury in finding, as it

necessarily must have found, that the defendants were guilty of negligence in the maintenance of the cellar doors.

The complaint was originally in two counts, one charging a private nuisance, and the other charging negligence. At the conclusion of the evidence the court requested the plaintiff to elect on which ground to stand, and the plaintiff's counsel elected to stand on the ground of negligence. The only proofs on this point were presented on the part of the plaintiff, all the evidence for the defendants going merely to the *quantum* of damages.

The building in front of which these iron doors were located appears from the evidence to have been originally a dance hall of considerable frontage and covering four street numbers. Two of these numbers were No. 80 and No. 82. The plaintiff was a tenant of No. 82; the iron doors in the sidewalk were in front of No. 80, which was rented to a man named Schorner. The evidence indicated that there had formerly been a cellar under the dance hall which had been reached by way of the cellar doors in question; but that later, when the building had been transformed into four stores, the use of the cellar doors had been discontinued, and the cellar been practically filled up, but the cellar doors were left in front of No. 80. Schorner, the tenant of No. 80, testified that all he rented was a store, that he had nothing to do with the cellar doors and did not use the space under the building where the cellar doors were and which had been filled up to something like eighteen inches of the floor of the store.

The circumstances of the accident were that the plaintiff, who was a plumber, left his store in No. 82 with a length of pipe on his shoulder, and walking across these cellar doors caught the toe of one foot in some obstruction on the sidewalk connected with the cellar doors and was thrown to the ground, injuring himself. The evidence indicated that as he fell a piece of iron came flying from his feet to his head and landed on the sidewalk. It was produced in court and verified as a part of what was called a drop handle of the cellar door. The evidence further indicated that another part of

this handle was found after the accident underneath the door. The inference supported by the testimony was that the drop handle, which was intended when not in use to remain substantially flush with the sidewalk, became stuck or jammed in some way so as to project upward sufficiently to catch the plaintiff's foot. If the jury believed the evidence, the cellar doors had become useless for any purpose so far as the tenant of that particular store was concerned, and as to that tenant, as well as to the plaintiff, they were merely a section of the sidewalk; but a section of sidewalk for the reasonably safe condition of which the owners of the building were responsible to the extent at least of exercising due care. *Durant* v. *Palmer,* 29 *N. J. L.* 544; *Houston* v. *Traphagen,* 47 *Id.* 23; *McKeown* v. *King,* 99 *Id.* 251; *Glass* v. *American Stores, Inc.,* 110 *Id.* 152, 155; *Savarese* v. *Fleckenstein,* 111 *Id.* 574. The case of *Kelly* v. *Lembeck and Betz Eagle Brewing Co..* 86 *Id.* 471, affirmed without opinion in 87 *Id.* 696, is to the same effect and very close to the present case on the facts. In the Kelly case the owner retained the control of the cellar doors for the purpose of utilizing part of the cellar for its own purposes, the tenant using the remainder; in the present case the evidence indicated that the tenant made no use whatever of the cellar doors and had never undertaken to exercise any control over them.

There was clearly a jury question with respect to the negligence of the defendants in permitting the cellar doors to get out of order as in the McKeown case, and the question of contributory negligence was not raised at the trial.

We are clear that the appeal is without merit, and the judgment is affirmed, with costs.